# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

TRACY W. MINOR,                    :

    Plaintiff,                 :

v.                                 :           CA 10-605-C

MICHAEL J. ASTRUE,
Commissioner of Social Security,   :

    Defendant.                 :

## **MEMORANDUM OPINION & ORDER**

Plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 19 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record ("R.") (Doc. 12), plaintiff's brief (Doc. 14), and the Commissioner's brief (Doc. 15),[1] it is determined that the Commissioner's decision

---

[1] The parties agreed to waive oral argument in this matter, which was scheduled for May 10, 2011. (*See* Docs. 13; 17; 18.)

denying plaintiff benefits should be affirmed.[2]

## Relevant Background

Plaintiff's August 26, 2008 application for SSI (R. 120-123), alleging disability as of May 4, 1996 due to traumatic arthritis in her left ankle (*see* R. 144), was denied on September 30, 2008. (R. 66-71.) Plaintiff then requested a hearing by an administrative law judge (the "ALJ") on October 1, 2008. (*See* R. 72-74.) The ALJ held a hearing on December 17, 2009 (R. 24-64), and, on March 17, 2010, denied plaintiff's claim, finding that she retained the capacity to perform a range of sedentary work, including jobs existing in significant numbers in the national economy. (R. 12-19.) The Appeals Council denied plaintiff's request for review of the ALJ's decision on October 22, 2010 (R. 1-3), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

## Standard of Review

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age,

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

education, and work history. *Id.* Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

**Discussion**

1. **Positions of the parties.**

The sole issue on appeal, as framed by plaintiff, is whether "[t]he ALJ failed to properly evaluate the plaintiff's subjective complaints of pain pursuant to the Eleventh Circuit pain standard." (Doc. 14 at 1.) Specifically, plaintiff contends that the ALJ failed to apply the standard set forth in *Dyer v. Barnhart*, 395 F.3d 1206 (11th Cir. 2005), to evaluate her complaints of pain, arguing that if an ALJ finds that "there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain"—which the ALJ did in this case (R. at 16)—the ALJ "'must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony.'" (Doc. 14 at 3-4 (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).) According to plaintiff, the ALJ's rationale for rejecting her pain complaints—which, as stated in the ALJ's decision, was that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not credible to the extent they [were] inconsistent with the [RFC]" (R. at 17)—is not supported by substantial evidence. (Doc. 14 at 5.) The Commissioner counters, arguing that the ALJ reasonably limited plaintiff to sedentary work—based on the unanimous consensus of three physicians, including her treating physician, "that she could work an eight-hour day with sedentary-type limitations, and she received only conservative treatment for her ankle and knee pain"—and discredited plaintiff's more extreme subjective complaints, providing sufficient reasons for his determinations that

plaintiff was not as disabled as she claimed. (*See generally* Doc. 15.)

**2. Legal standard.**

Because a plaintiff's "subjective complaints of pain cannot in and of themselves serve as conclusive evidence of disability," *Petteway v. Comm'r of Soc. Sec.*, 353 Fed. App'x 287, 288 (11th Cir. 2009) (per curiam) (quoting *Chester v. Bowen*, 792 F.2d 129, 132 (11th Cir. 1986)), there must also be evidence "of a medical impairment which could reasonably be expected to produce disabling pain." *Id.* Further,

> [i]n order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

When an ALJ rejects pain testimony, there must be an explanation of the rationale for finding a plaintiff not credible. Moreover, if an ALJ fails to explicitly discredit the subjective testimony of a plaintiff concerning pain—giving reasons for that decision—the Eleventh Circuit has held that the pain testimony must be accepted as true as a matter of law. *See MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *Holt*, 921 F.2d at 1223. As one court explained, in the context of discussing the three-part pain standard first adopted in *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986):

> Although the Eleventh Circuit does not require an explicit finding as to a claimant's credibility, the implication must be obvious to the reviewing

court. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (internal quotations and citations omitted).

*Sharpe v. Astrue*, No. 5:07cv74/RS-MD, 2008 WL 1805436, at *6 (N.D. Fla. Apr. 15, 2008).

The Eleventh Circuit has[, moreover,] approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529 [or § 416.929], because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

*Id.* Thus, "[a] clearly articulated credibility determination supported by substantial evidence will not be disturbed." *Petteway*, 353 Fed. App'x at 289 (citing *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).

3. **Analysis.**

In this case, after the ALJ expressly found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (R. at 16), he walked through the evidence of record (*see* R. 16-18)—finding that plaintiff meets "the exertional demands of sedentary work" (R. at 17)—and concluding that plaintiff's subjective complaints of pain were not "fully credible" because: (1) although she stated she did not want to become addicted to narcotic medications as her excuse for not taking anything stronger than over-the-counter pain medications, she has chosen not to take non-narcotic prescription pain medication; (2) she has not shown that she has had to stop work due to her health; and (3) her reported activities are inconsistent with the level

6

of physical and mental abilities represented in the RFC. (*See id.*)

In choosing to not fully credit plaintiff's pain allegations, the ALJ expressly cited to, *inter alia*, § 416.929 (R. at 15), and (as stated above) "an ALJ's reference to and application of [this] standard" alone, without "cit[ing] to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation" because the "regulation 'contains the same language regarding subjective pain testimony that the [Eleventh Circuit] interpreted when initially establishing its three-part standard.'" *Sharpe*, 2008 WL 1805436, at *6 (quoting *Wilson*, 284 F.3d at 1226). Moreover, this is not a case in which an ALJ fails to provide "explicit and adequate reasons for discrediting" pain testimony, *see, e.g.*, *Barnes v. Astrue*, No. 5:09-cv-443-Oc-JRK, 2011 WL 915384, at *4-5 (M.D. Fla. Mar. 16, 2011) (citing *Snyder v. Comm'r of Soc. Sec.*, 330 Fed. App'x 843, 847-48 (11th Cir. 2009) (per curiam), and chooses merely to recite the evidence of record without "attempt[ing] to explain how (if at all) such evidence supports a finding that [a p]laintiff is [not] credible." *Id.* at *5. In such a case—one where, for example, an ALJ's credibility analysis is limited to concluding that a plaintiff's statements "concerning the intensity, persistence and limiting effects of [plaintiff's] symptoms are not credible to the extent they are inconsistent with the [ ] residual functional capacity assessment"—a "plaintiff might be entitled to some relief" from this Court. *Gulledge v. Astrue*, Civil Action No. 1:09cv1097-CSC, 2010 WL 5288174, at *3 (M.D. Ala. Dec. 17, 2010). This is not such a case because the ALJ's decision cites evidence that explains why he concluded that plaintiff's pain allegations were not fully creditable.

7

The Court therefore finds that the ALJ considered plaintiff's testimony regarding disabling pain pursuant to the governing rulings and regulations, which are consistent with the applicable Eleventh Circuit precedent, and that the ALJ's decision provides adequate and specific reasons—which together provide substantial evidence—to discredit plaintiff's testimony concerning disabling pain.[3]  *See, e.g., Anderson v. Astrue*,

---

[3]     As to plaintiff's decision to only take over-the-counter pain medications, *see Falcon v. Heckler*, 732 F.2d 827, 832 (11th Cir. 1984) ("use of conservative treatments only, and lack of sufficiently strong pain medication" can be substantial evidence that pain is not disabling); *Banks v. Heckler*, 612 F. Supp. 1355, 1365 (S.D. Fla. 1985) (listing factors "relevant to a determination of the disabling nature of subjective complaints," including "whether treatment for pain is aggressive or requires the use of narcotics") (citing *Falcon*, 732 F.2d at 832; *Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984) (per curiam)); *Veasey v. Astrue*, Civil Action No. 1:06-CV-1909-AJB, 2008 WL 504388, at *12 (N.D. Ga. Feb. 21, 2008) (characterizing 11th Circuit jurisprudence to be that "lack of regular use of potent pain medication" or "lack of strong pain medication" is substantial evidence in support of an ALJ's determination that claimant's pain is not disabling) (citing *Falcon*, 732 F.2d at 832; *Harwell*, 735 F.2d at 1293); *see also McCray v. Massanari*, 175 F. Supp. 2d 1329, 1337 (M.D. Ala. 2001) ("The ALJ also buttressed his credibility finding on the nature and course of treatment and recommendations by the plaintiff's treating physician in observing that McCray did not receive a prescription for pain medication.") (citing *Harwell*, 735 F.2d at 1293); *Camarillo-Ngo v. Astrue*, No. 3:08-cv-500-J-TEM, 2010 WL 1257474, at *11 (M.D. Fla. Mar. 29, 2010) ("Conditions amenable to treatment or adequately controlled by medication are generally not considered disabling.") (citing *Harwell*, 735 F.2d at 1293); *cf. Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (ALJ's notation that plaintiff's "course of treatment for his spinal, heart and thyroid conditions during the period in issue were entirely conservative in nature" was, in part, "substantial evidence [in] support [of the ALJ's] decision to discredit [plaintiff's] testimony regarding nonexertional impairments");

As to the fact that plaintiff has not shown that she has had to stop work due to her health: *see Sutton v. Comm'r of Soc. Sec.*, No. 07-14009, 2009 WL 891713, at *14 (E.D. Mich. Mar. 31, 2009) (noting that the ALJ "had substantial evidence to discredit [p]laintiff's subjective testimony," which evidence included the fact that plaintiff "did not stop her work as a cleaner because of her scoliosis or other health reasons, but rather because she moved"); and *Bruce v. Astrue*, Civ. No. 08-1457-HO, 2010 WL 2942615, at *3 (D. Or. July

8

Civil Action No. 3:09cv1119-WC, 2010 WL 4822160, at *7 (M.D. Ala. Nov. 22, 2010); *Lewis v. Astrue*, No. 3:09-CV-119 (CDL), 2011 WL 463608, at *4 (M.D. Ga. Jan. 6, 2011).

### Conclusion

Accordingly, the ALJ did not err in discrediting Plaintiff's testimony about disabling pain. And it is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be **AFFIRMED**.

**DONE** this the 5th day of July, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

12, 2010) (finding that "the ALJ gave several permissible reasons for discrediting plaintiff's testimony regarding her limitations," including "that she did not stop work because of any disabling limitations but rather because the job ended").

As to the fact that plaintiff's reported activities are inconsistent with the level of abilities represented in the RFC: *see Conner v. Astrue*, No. 10–12305, 2011 WL 679420, at *3 (11th Cir. Feb .28, 2011) ("A claimant's daily activities may be considered in evaluating and discrediting a claimant's subjective complaints.") (citing *Harwell*, 735 F.2d at 1293); *Banks*, 612 F. Supp. at 1365 (listing factors "relevant to a determination of the disabling nature of subjective complaints," including "whether daily activities are consistent with severe pain") (citing *Harwell*, 735 F.2d at 1293); *see, e.g., Castel v. Comm'r of Soc. Sec.*, 355 Fed. App'x 260, 265 (11th Cir. 2009) ("The ALJ's decision establishes a clear record of the reasons why Castel's testimony was not credible. As the ALJ properly noted, Castel lives alone, cooks, does her laundry at the laundromat (similar to the functions of her previous job), attends church, and reads the Bible.") (citing *Harwell*, 735 F.2d at 1293).